SCOTT'S ADMINISTRATORS v. COLE AND ALLEN.

Costs: AGAINST SUCCESSFUL PARTY. While, as a rule, the successful party is entitled to recover costs, the court has the power, under peculiar circumstances, to adjudge otherwise, and if a party would show error in this respect, the facts upon which the court below acted must in some manner be disclosed, so that it may be seen whether there was any abuse of discretion.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 14.

DEFENDANTS appeal from an order requiring them to pay costs.

*Finch & Rivers* for the appellants.

*M. D. McHenry* for the appellees.

WRIGHT, J.—IN EQUITY: The record contains the decree and this only. The object of the bill is not disclosed, nor the testimony upon which the decree was founded. The equities are found for defendants, and it was ordered that they pay the costs in the first instance, to be recovered by them afterward by execution against plaintiffs.

The order entitling defendants to recover the costs, to be paid by them of plaintiffs, though ever so anomalous, is not to appellants' prejudice, and therefore needs no attention at our hands. And, while it is true as a rule that the successful party is entitled to recover his costs, this is not universally true, the court having the power, under peculiar circumstances, to adjudge otherwise. If a party therefore would show error in this respect he should in some manner disclose the facts, that we might see the

abuse of which he complains.   In this respect the record before us is singularly barren.   As suggested by counsel, plaintiffs may have been entitled, beyond controversy, to the full relief asked, to the very hour of the decree. Something may have then transpired, operating, technically or substantially, to bar the recovery, and the court, in the exercise of a wise discretion, could well enough depart from the usual rule in the disposition of the costs. Rev. Sec. 3455.   And especially would we be disinclined to interfere without a knowledge as to the amount of costs.   The record fails to show whether they were ten cents or one thousand dollars.   Then, too, defendants may have filed a cross-bill, and most of the costs may have been made on that.   Or, if not so, the costs may have accrued at the defendants' instance, and, upon the contingency of plaintiff's inability to pay, said defendants would be liable to pay the same.   Sec. 3452.

In a word, the order *may have been right*.   The record does not affirmatively show it was wrong, and it is therefore

Affirmed.

COLE, J., being a party to the record took no part in the determination of this case.